IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TOMAS DIEGUEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | CIV-15-857-M |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition, to the extent it seeks relief under 28 U.S.C. §2241, be denied in part and, construing certain claims in the Petition as seeking relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), be dismissed in part with prejudice.

Petitioner is incarcerated at Great Plains Correctional Facility, a private prison in Hinton, Oklahoma. Petitioner is serving a 132-month term of imprisonment for a conviction for conspiracy to possess with intent to distribute a controlled substance entered on February 13,

---

[1]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

2013, in the United States District Court of North Dakota.

According to Petitioner, he was born in Guantánamo, Cuba, on May 5, 1967, and he emigrated as an illegal alien to the United States on April 20, 1983. Petitioner has never obtained his citizenship in this country through naturalization proceedings. In 2001, Petitioner underwent deportation proceedings following his release from confinement under a previous federal sentence. Petitioner was detained in the custody of the Immigration and Naturalization Service ("INS")[2], and his removal was ordered by an immigration judge on June 15, 2001.

In November 2002, the INS determined that it had been unable to remove Petitioner from the United States and that he could be released from INS custody pending his removal from the United States, subject to certain written conditions. Memorandum in Support of Petition (Doc. # 2), Ex. 1. One of the conditions in his Order of Supervision, to which Petitioner agreed, required Petitioner to "obey all federal, state, and local laws or ordinances." Id. at 2. By signing the Order of Supervision, Petitioner agreed that his "failure to comply with the terms of th[e] order may subject [him] to a fine, detention, or prosecution." Id.

Following his incarceration on his new conviction and sentence, in July 2013 the United States Department of Homeland Security ("DHS") lodged an immigration-deportation detainer against Plaintiff with the United States Bureau of Prisons ("BOP"). In a notice of action Petitioner acknowledges he received from DHS Petitioner was advised that the detainer was being placed with BOP, his federal custodian, because he "is subject to removal from the United

---

[2]The INS is now the U.S. Immigration and Customs Enforcement ("ICE") agency, which is a part of the U.S. Department of Homeland Security.

States." Memorandum in Support of Petition, at 2.

As a result of the notice of action and under the authority of BOP's Program Statement 5100.08, the BOP classified Petitioner with a Public Safety Factor ("PSF") of "Deportable Alien" on November 6, 2013. Id. at 2-3. Petitioner asserts that BOP has "wrongly classified" him. Petitioner states that he is not challenging the authority of the BOP to classify him as a "Deportable Alien." See Memorandum in Support of Petition, at 4 ("Petitioner, being of Cuban nationality, readily agrees with the BOP that he falls into the category of 'deportable alien,' and that BOP records show Petitioner previously underwent deportation proceedings.").

Petitioner asserts, however, that the PSF classification should be removed under BOP's classification policy because the INS, now ICE, previously determined in 2002 that he could not be deported. Petitioner alleges that he is entitled to habeas relief because the PSF classification limits his access to various BOP programs, such as the Residential Drug Abuse Program and community-based programs, and to placement in a lesser-security institution.

According to BOP's Program Statement P5100.08, effective September 12, 2006, titled "Inmate Security Designation and Custody Classification," a PSF is defined as follows:

> There are certain demonstrated behaviors which require increased security measures to ensure the protection of society. There are nine Public Safety Factors (PSFs) which are applied to inmates who are not appropriate for placement at an institution which would permit inmate access to the community (i.e., MINIMUM security). The application of a PSF overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or prior behavior.

http://www.bop.gov/policy/progstat/5100_008.pdf, at 13. A PSF is "relevant factual information regarding an inmate's current offense, sentence, criminal history or institutional behavior that

3

requires additional security measures be employed to ensure safety and protection to the public." Id., at 8.

The Program Statement instructs that a PSF of "Deportable Alien" will be applied to "[a] male or female inmate who is not a citizen of the United States. All long-term detainees will have this PSF applied. When applied, the inmate or the long-term detainee shall be housed in at least a Low security level institution." Id. at 50. The Program Statement further instructs that "[t]he PSF shall not be applied, or shall be removed when [ICE] or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings. . . . Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen." Id.

Petitioner has attached to his Memorandum in Support of the Petition a copy of a response to his administrative grievance Appeal No. 805786-R1. Memorandum in Support of Petition (Doc. # 2), Ex. 5. In this response dated February 20, 2015, the BOP Regional Director advised Petitioner that

> [a] review of your appeal reveals you are a citizen of Cuba; therefore, your PSF is appropriately applied, and you require a further investigation by ICE officials concerning your deportation status. Institution staff has indicated they have filed a detainer dated October 30, 2014, pursuant to the request from ICE officials for future deportation proceedings. While you reference and enclose documentation from a previous ICE order dated November 7, 2002, your current conviction dated February 12, 2013, for Conspiracy to Possess with Intent to Distribute a Controlled Substance, requires a new review of your deportation status. This review will be conducted at the discretion of ICE officials. Accordingly, your appeal is denied.

Id.

4

The response also advises Petitioner of his opportunity under federal regulations to appeal the decision to the General Counsel for BOP if he did so within 30 calendar days of the date of the response. Id. Petitioner has not demonstrated that he filed an appeal to the BOP General Counsel from the Regional Director's response and that the BOP General Counsel has responded to the appeal.

The pre-eminent issue is whether the Petitioner may obtain federal review of his Petition under 28 U.S.C. § 2241. Habeas review under 28 U.S.C. § 2241 is available only when an individual is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitions under § 2241 challenge "the fact or duration of a prisoner's confinement and seek[ ] the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)] attacks the conditions of the prisoner's confinement. . . ." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)(internal quotations omitted). See Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011)("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 43 U.S.C. § 1983 or [Bivens] - not through federal habeas proceedings.").

First, to the extent Petitioner challenges the result of the PSF classification as a

"Deportable Alien" as excluding him from BOP's Residential Drug Abuse Program ("RDAP"), see 18 U.S.C. § 3621(e), and the potential for a sentence reduction for successful completion of the RDAP, see 18 U.S.C. § 3621(e)(2)(B), Petitioner would not be eligible for early release, even if he completed the RDAP, because BOP has categorically denied early-release eligibility under the RDAP for inmates who are "Immigration and Customs Enforcement detainees." 28 C.F.R. § 550.55(b)(1). Consequently, Petitioner cannot show any injury fairly traceable to BOP's classification of him as a "Deportable Alien" with a PSF, and his § 2241 claim challenging the PSF classification and its effect on his ability to participate in BOP's RDAP and obtain a sentence reduction under the RDAP, should be denied.[3] Additionally, to the extent Petitioner is asserting that he has a liberty interest in early release following completion of a drug-abuse treatment program, this claim lacks merit. See Standifer, 653 F.3d at 1280 (holding a federal "prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no

---

[3]Petitioner has not demonstrated that he has exhausted available administrative remedies with respect to this claim. Exhaustion of the BOP's administrative remedy procedure is a prerequisite to federal habeas corpus review under 28 U.S.C. § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(*per curiam*). Federal inmates pursuing § 2241 habeas relief must exhaust their administrative remedies by complying with BOP's administrative remedy procedure set forth in 28 C.F.R. §§ 542.10-542.19, which culminate in an appeal of the Regional Director's response to the General Counsel (Central Office). See Woodruff v. Wiley, 365 Fed. App'x. 951, 953, 2010 WL 537868, *1 (10th Cir. Feb. 17, 2010)(unpublished order)("BOP regulations establish a four-tiered administrative process to address and resolve inmate grievances.")(citing 28 C.F.R. §§ 542.10-542.16). See Smith v. Oliver, __ Fed. App'x. __, 2015 WL 4098089, *2 n. 3 (10th Cir. 2015)(unpublished op.)(explaining BOP's 4-step administrative grievance process). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Nevertheless, because this claim lacks constitutional merit, the Court should "follow the policy of § 2254(b)(2)" and deny this claim on its merits without considering exhaustion. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). See Martinez v. Davis, 393 Fed. App'x. 570, 571 (10th Cir. 2010)(unpublished op.)(upholding district court's decision to address merits of petitioner's § 2241 claim without considering issue of exhaustion where the claim lacked merit).

liberty interest in discretionary early release for completion of RDAP")(internal citations omitted).

Second, to the extent Petitioner is alleging that BOP has misinterpreted its own regulations by failing to remove the PSF classification, given the fact that INS (now ICE) previously determined that he was not deportable, Petitioner cannot bring this claim under 28 U.S.C. § 2241 and, in any event, this claim lacks any merit.

In Palma-Salazar v. Davis, 677 F.3d 1031 (10th Cir. 2013), the Tenth Circuit Court of Appeals explained that "[t]he fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Id. at 1035. The court found that the petitioner in Palma-Salazar could not bring a habeas action under 28 U.S.C. § 2241 because he was seeking "a change in the place of his confinement" or the opportunity for such a change. Id. at 1036.

To the extent Petitioner, like Palma-Salazar, is seeking to be confined in a lesser-security institution or access to community placement programs, he is seeking only "a change in the place of his confinement" or the opportunity for such a change. This claim is a challenge not to Petitioner's custody itself or to the execution of his sentence, but to the conditions of his confinement. The claim cannot, therefore, proceed under 28 U.S.C. § 2241. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(federal claims challenging conditions of prisoner's confinement generally do not arise under § 2241).

Construing Petitioner's conditions-of-confinement claim as one brought under Bivens, supra, exhaustion of administrative remedies is required before commencing such an action in

7

federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002)(holding that under 42 U.S.C. §1997e(a) federal prisoners suing under Bivens must first exhaust BOP's administrative grievance process). Petitioner has not demonstrated that he has exhausted available administrative remedies. Petitioner states that he has appealed the Regional Director's response to his administrative appeal, but that he has not received a response to his administrative appeal from the General Counsel (Central Office).

The court may *sua sponte* dismiss any action seeking relief with respect to prison conditions if the court determines that the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Moreover, a dismissal on one of these grounds under this screening mechanism may be entered without considering whether the litigant has exhausted administrative remedies. 42 U.S.C. § 1997e(c)(2).

In this case, it is clear from the face of the Petition, along with the evidentiary documents attached to the Petition, that Petitioner's conditions-of-confinement claim lacks merit, and the claim should therefore be dismissed without considering the issue of exhaustion.

It is well-settled law that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison. . . ." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Furthermore, as a federal prisoner Petitioner has no "legitimate or constitutional entitlement sufficient to invoke due process" with respect to his "prisoner classification and eligibility for rehabilitative programs in the federal system" because of the "full discretion" given federal prison officials "to control these conditions of confinement." Moody v. Daggett, 429 U.S. 78,

88 n. 9 (1976). See McKune v. Lile, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Perez v. Lappin, 672 F.Supp.2d 35, 42 (D.D.C. 2009)("[d]ecisions about where an inmate is confined and his security classification are left to prison managers")(citing 18 U.S.C. §4001(b)).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court set out the standard for determining whether a prisoner has been deprived of a state-created liberty interest. These interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The Third Circuit Court of Appeals has determined that "[b]eing classified with a PSF of 'deportable alien' and its resulting consequences of disqualification for certain programs, as with any security classification, is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Becerra v. Miner, 248 Fed. App'x. 368, 370 (3d Cir. 2007)(*per curiam*)(unpublished op.)(internal quotation marks omitted). See Reyes v. Holland, 2012 WL 639469, *3 (E.D.Ky. 2012)(holding prisoner had not shown PSF of "Deportable Alien" assigned to him resulted in atypical and significant hardship in relation to ordinary incidents of prison life). See also Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989)("Under the applicable [BOP] regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification."). The Becerra decision is persuasive. Petitioner has presented evidence showing only that INS (now ICE) determined in

2002 that he could not be deported at that time to his native country, Cuba. Because of his new conviction and sentence, ICE has now placed a detainer with BOP and notified Petitioner of its intent to determine his deportation status again when he is released from his current confinement. The BOP's decision to classify Petitioner as a "Deportable Alien," based on the detainer and ICE's expressed intent to redetermine his deportation status, despite the fact that INS (now ICE) previously determined he could not be deported, is not outside what Petitioner can reasonably expect to encounter as a result of his federal conviction.

Moreover, the BOP's Program Statement 5100.08 requires that "[a]ll long-term detainees" will have the "Deportable Alien" PSF applied. http://www.bop.gov/policy/progstat/5100_008.pdf, at 50. A "long-term detainee" is a non-U.S. citizen who, *inter alia*, "cannot be removed from the country for various reasons." Id. at 11-12. The BOP's classification of Petitioner as a "long-term detainee" who is a citizen of Cuba, and, hence, must have the "Deportable Alien" PSF is consistent with BOP's policy. And BOP has no authority to determine whether Petitioner will ultimately be removed from the country. As the policy clearly states, only ICE or EOIR have that authority, and Petitioner has not demonstrated that such a decision has been made.

Thus, Petitioner's claim that the PSF classification deprives him of liberty without due process must fail, and Petitioner's conditions-of-confinement claim challenging the PSF classification, construed as a claim brought under Bivens, should be dismissed with

prejudice.[4]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging BOP's classification of Petitioner as a "Deportable Alien" with a PSF and its effect on his ability to enter BOP's RDAP, should be DENIED. It is further recommended that the Petition for a Writ of Habeas Corpus, construed as a Bivens action with respect to Petitioner's claim challenging BOP's classification of Petitioner as a "Deportable Alien" with a PSF and its effect upon his ability to be confined at a lesser-security facility or participate in community placement programs, be DISMISSED WITH PREJUDICE.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___September 16th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

---

[4] Although Petitioner has not raised an equal protection challenge to the PSF classification, the Tenth Circuit Court of Appeals has held that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." United States v. Tamayo, 162 Fed. App'x. 813, 816 (10th Cir. 2006)(unpublished op.). Thus, any such claim would also lack merit.

11

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __27th__ day of __August__, 2015.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE